O. H. THOMPSON v. THOMAS BELKNAP, Affirmed.

O. H. THOMPSON v. JOHN WARHURTON's EXRS., Reversed.

Nonresidence — Constructive Service — Bond Before Judgment Rendered.
    Before a judgment can be rendered against a non-resident, constructively summoned, the plaintiff must execute to him a bond as provided in section 444, Civil Code.

APPEAL FROM KENTON CIRCUIT COURT.

March 6, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

It sufficiently appears that the prosecution of these appeals was authorized by Thompson through Greer; the rule to dismiss them, therefore, will be discharged.

Without entering upon a discussion of the alleged errors, in detail for which appellant seeks a reversal of the judgments, it will

suffice to say that in the judgment of Belknap against the appellant we perceive no available error to the appellant's prejudice; that judgment will, therefore, be affirmed.

But the judgment in favor of Warhurton's executors is, upon a single ground, deemed erroneous and will have to be reversed. The appellants having been only constructively summoned it was necessary before rendering any judgment against them that a bond be executed to them agreeably to the provisions of section 440 of the Civil Code. There is nothing in the record to show that the paper purporting to have been signed by Stephenson & Myers was executed and acknowledged as required by the Code, nor as certified by the clerk can it be regarded as part of the record. The requisite bond not, therefore, appearing to have been given the judgment is erroneous. Payne *v.* Witherspoon, 14 B. Mon. 272.

Therefore, said rule is discharged and the judgment in favor of Belknap is affirmed and the judgment in favor of Warhurton's executors is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*S. M. Moore,* for Appellant.

*Stephenson & Myers,* for Appellee.